CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 7 2013

JULIA C. DUDLEY, CLERK
BY: _____
      DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **FRANK IRIZARY,** | ) | **CASE NO. 7:12CV00513** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **JANET BOOTH, ET AL.,** | ) | **By:  James C. Turk** |
| | ) | **Senior United States District Judge** |
| **Defendant(s).** | ) | |

Frank Irizary, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983,[1] alleging that the defendant prison officials deprived him of timely medical treatment, in violation of his rights under the Eighth Amendment.  After review of the record, the court finds that the action must be summarily dismissed.

### I

Irizary alleges that he has suffered with medical issues since shortly after his transfer to the Rustburg Correctional Unit ("RCU") on March 2, 2010.  In June or July 2010, Irizary became ill with stomach pain, vomiting, and headaches.  He could not keep food down, could not take water with his medication, and lost weight.  RCU officials transported Irizary to a local emergency room, where he underwent a CAT scan and was diagnosed with migraine headaches. The RCU physician determined that he had a stomach virus.  The symptoms went away after a short time and did not reoccur for several months.  At some point in 2011, Irizary became ill again.  This time, the RCU physician did not send Irizary for an outside examination or tests, but prescribed Prilosec and other medications.  Irizary was sick for several weeks without knowing a diagnosis.

---

[1]   Irizary filed his § 1983 complaint in the United States District Court for the Eastern District of Virginia, but the case was transferred to this court because the cause of action arose in this jurisdiction.

In June 2012, Irizary became sick again.  On June 5, he told Nurse Booth that he had been passing dark red blood with each bowel movement and asked to see the RCU physician. Booth said she would call the doctor about getting more medication, but did not take a stool sample or schedule an immediate doctor visit.  Irizary then filed a request and verbally spoke to Major Shupe, asking to see the doctor.  Yet, when the doctor came on June 13, 2012, Irizary was not called in to see him.  Irizary placed another request on June 14, 2012, only to learn that the doctor would not be back for two weeks.  Irizary continued to receive his prescribed medication, but still noticed blood in his stools.

Nurse Booth called Irizary to the medical unit on June 18, 2012, and took his vital signs, which were normal.  She and the other defendants told Irizary that appointments had been scheduled for him to see the RCU physician and an outside doctor, but did not tell him any specific dates.  On June 20, 2012, the RCU doctor performed a rectal exam on Irizary, but found no evidence of bleeding.  The doctor told him, "It is nothing. . . .[S]ometimes a person's intestines will bleed for no reason and stop."  Compl. at 5.d.

In September 2012, Irizary complained of light bleeding.  When the RCU physician examined him on September 6, 2012, he found no bleeding.  The doctor then had Irizary sign a release form allowing RCU to obtain results of a prior colonoscopy.  The doctor also noticed in Irizary's medical chart a report from a prior facility dated 2005 or 2006, indicating inflammation of Irizary's intestines as the cause of bleeding.

Irizary sues the nurse, the jail superintendant, and the major, for failing to ensure that he was provided prompt and appropriate medical evaluation and testing to diagnose the cause of his rectal bleeding.  As relief, he seeks reimbursement for his medical copayments and appropriate future medical evaluation and treatment.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An officer acts with "deliberate indifference" if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[A]n inadvertent failure to provide adequate medical care" does not satisfy the standard, and thus mere negligence in diagnosis or treatment is insufficient to state a constitutional claim. Estelle, 429 U.S. at 105-06. An official's intentional act or omission that merely delays an inmate's access to necessary medical care may state a constitutional claim, but only if plaintiff shows that the defendant's conduct resulted in substantial harm to the patient. Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (citing other cases). A non-medical supervisory official cannot be liable under § 1983 absent allegation that the official was personally connected to the denial of treatment, and such officials may rightfully rely on the opinion of the medical staff as to the proper course of treatment. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990).

Irizary's factual allegations do not support an Eighth Amendment claim regarding the course of medical care he has received at RCU. First, Irizary cannot demonstrate that he was deprived of access to medical care at the jail. He has received numerous medical evaluations

3

from nurses and doctors, a trip to the emergency room, a CAT scan, and ongoing treatment with prescription medications.  Clearly, defendants have provided him access to medical care.[2]

Second, Irizary's allegations do not demonstrate that he suffered any harm as a result of alleged delays in receiving medical attention.  Webb, 281 F. App'x at 166-67.  He waited to see the doctor only after the nurse had evaluated his complaints, and he continued receiving medications.  On at least two occasions, the bleeding had stopped on its own before the doctor examined him.

Third, Irizary has no actionable claim based on defendants' alleged failure to ensure prompt review of his past medical records or to order diagnostic tests by an outside doctor.  The defendants—a nurse and two non-medical jail personnel—could rightfully rely on the RCU doctor's determination of the appropriate course of treatment for Irizary.  Miltier, 896 F.2d at 854.  These defendants cannot be found deliberately indifferent for failing to question the doctor's medical judgments.

Moreover, the court also cannot second-guess the doctor's professional judgments concerning the appropriate records review and testing, in light of Irizary's symptoms as the doctor observed them.  Russell v. Sheffer, 528 F.2d 318, 318 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.").  Irizary's disagreement with the course of treatment the RCU doctor prescribed does not support a finding of deliberate indifference.  Estelle, 429 U.S. at 105-06.

For the reasons stated, the court concludes that Irizary's complaint fails to state facts demonstrating the necessary elements of an Eighth Amendment claim regarding the course of

---

[2]  Irizary complains that the RCU superintendant told him sending officers out to pick up prescriptions at the drug store for Irizary was costing "too much money."  Compl. 5.a.  Irizary apparently believes this comment illustrates the superintendant's indifference to his medical needs.  On the contrary, the comment and Irizary's allegations indicate that jail personnel provided him with prescription medication despite the expense.

medical treatment provided to him at RCU. Accordingly, the court dismisses the complaint without prejudice under § 1915A(b)(1). The Clerk will send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _____ day of February, 2013.

_____
Senior United States District Judge

5